TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KATHY YU (Cal. Bar No. 268210)
Assistant United States Attorney
Violent & Organized Crime Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2431
     Facsimile: (213) 894-0141
     E-mail:    kathy.yu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-132-DMG-1 |
|---|---|
| Plaintiff, | GOVRNMENT'S REVISED SENTENCING POSITION FOR DEFENDANT FELIPE BENAVIDES |
| v. | |
| FELIPE BENAVIDES | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Kathy Yu, hereby files its revised sentencing position for defendant Felipe Benavides ("defendant").

    The government's revised filing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

This position revises the government's recommendation filed earlier today due to a computational error, and to ensure that the government's recommendation complies with the plea agreement to recommend a low-end sentence stemming from defendant's fulfilment of the safety-valve proffer.

The government reserves the right to file any supplemental sentencing position that may be necessary.

Dated: November 10, 2021          Respectfully submitted,

                                  TRACY L. WILKISON
                                  Acting United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                         /s/
                                  _____
                                  KATHY YU
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  BACKGROUND**

On June 4, 2021, defendant Felipe Benavides ("defendant") pled guilty to Possession with Intent to Distribute Cocaine (Count One).

On July 26, 2021, the United States Probation Office filed its Presentence Investigation Report ("PSR"), in which it calculated a total offense level of 32 (based on the drugs attributable to defendant), and determined that defendant falls within Criminal History Category III, resulting in an advisory Guidelines range of 120 to 135 months after a three-level reduction for acceptance of responsibility.

On November 8, 2021, the government notified the USPO that defendant had fulfilled the proffer component of the safety-valve requirements. As such, the government submits that the total offense level should be 27 (base offense level of 32 based on the drugs attributable to defendant, as well as a two-level reduction for fulfilling the safety-valve criteria and a three-level reduction for acceptance of responsibility). Coupled with Criminal History Category III, the Guidelines range would be 87 to 108 months.

Based on the factual record in this case and consistent with the plea agreement, the government recommends the following sentence: 87 months' imprisonment, followed by a four-year period of supervised release, and a mandatory special assessment of $100.

**II. SENTENCING GUIDELINES CALCULATION**

The PSR calculates defendant's base offense level as 32 based on defendant's involvement with drug-trafficking, namely his delivery of 25.9 kilograms of cocaine (to a stash location), and his possession

of 1,007.8 grams of cocaine (in his car), with which the government concurs. (PSR ¶ 28.)

In addition, the PSR determined that defendant has 5 criminal history points, resulting in a Criminal History category of III, with which the government concurs. (PSR ¶ 66.)

## III. ANALYSIS OF THE SECTION 3553(a) FACTORS

The government believes that the 3553(a) factors, in particular the nature and circumstances of the offense, defendant's personal history, characteristics, and criminal history, the need to promote respect for the law and deter future crimes, and the need to protect the community, warrant the requested low-end Guidelines sentence of 87 months.

### A. The Nature and Circumstances of the Offense Warrant an 87-Month Sentence

The nature and circumstances of the offense and the need to reflect the seriousness of the offense justify a significant custodial sentence. On one day alone, agents in this case seized over 26 kilograms of cocaine from defendant – some in an apartment, and some in his car. He purchased kilogram quantities of cocaine from a DEA confidential source for over $680,000, and then brought the cocaine to a stash location outfitted with all the tools of the drug trade – packaging equipment, clear latex gloves, food sealer bags, clear plastic baggies, large quantity of mustard (to mask the smell of the drugs), numerous large black trash bags, and very little furniture – a location where three other people were present and in the midst of packaging the cocaine. (PSR ¶ 38.) By his actions, defendant demonstrated that he was a valued and entrusted member of the drug trafficking organization – he was entrusted with large

2

amounts of money, entrusted with purchasing narcotics, and entrusted to help run a stash house operation.

Defendant's drug trafficking was not limited to the stash location, however. Defendant also separately possessed another kilogram of cocaine in his car – for further and mobile distribution into the community. Therefore, on balance, the nature and circumstances of defendant's drug trafficking offense (his possession of cocaine in two different places, his possession of five cell phones, and his possession of large amounts of cash) underscore his pivotal role in the drug trafficking organization, warranting a serious sentence.

B. **Defendant's Criminal History Warrants the Requested Sentence**

Defendant's criminal history – which spans over two decades – includes drug offenses (PSR ¶¶ 51, 53, 54, 55, 57, 60, 61) and driving under the influence or without a license (PSR ¶¶ 52, 56, 58, 59, 62, 64, 65), necessitating a serious sentence.

In 1998, when defendant was 18, he was charged federally and convicted of importation of marijuana (PSR ¶ 51.) His offense involved driving to Mexico to pick up over 90 pounds of marijuana concealed in a box speaker. For this crime, defendant was sentenced to 36 months' probation, and his probation included drug treatment and testing. Defendant, however, tested positive for marijuana and/or cocaine eleven times, failed to appear for drug testing, and failed to enroll in a residential program. Still even after that, he was arrested by Los Angeles County Sheriff deputies for possession of a firearm, transportation of cocaine and marijuana, receiving stolen property, and driving with a suspended license.

Defendant's criminal history also shows that he knowingly, recklessly, and consistently posed a danger to the public by driving while intoxicated – despite repeated leniency and rehabilitative efforts in requiring him to: attend NA or AA meetings, write letters regarding the impact of drugs on his life, perform community service, and abide by the terms and conditions of probation. Defendant repeatedly squandered these opportunities and violated probation no less than 15 times, showing his unwillingness or inability to abide by the law, his disrespect for the criminal justice system, and his lack of concern for others. Defendant continued to drink and drive, notwithstanding his numerous convictions for driving under the influence, and the help that the courts had offered him.

Defendant's criminal history demonstrates not only the extent of his substance abuse issues, but also the serious danger he poses to the public as a result of his substance abuse issues. Defendant's receipt of probationary sentences and short prison sentences have not impressed upon him the need to respect the law and to value human life. In light of the record before the Court, the government believes the requested 87-month sentence is sufficient and no greater than necessary, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public.

**C. Defendant's Personal Circumstances and Upbringing**

Defendant's personal struggles with addiction as well as his father's alcoholism, while unfortunate, underscore the horrors of addiction. Even though defendant had first-hand felt the devastating effects of addiction, he nevertheless committed the instant offenses as well as other drug crimes. His personal struggles and losses did not deter him from distributing cocaine into the community, in

4

exchange for financial gain.  Moreover, defendant's addiction should not be viewed as mitigation when he has refused to avail himself of the rehabilitative programs offered to him, and instead, posed a threat to the public by driving under the influence.

Therefore, on balance, the government believes that a low-end sentence of 87 months is sufficient, but not greater than necessary, to meet the section 3553 sentencing factors.

**IV. CONCLUSION**

For the reasons set forth above, the government respectfully requests that defendant be sentenced as follows: 87 months' imprisonment, followed by a four-year period of supervised release, and a mandatory special assessment of $100.